UNITED STATES DISTRICT COURT                                          C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
JACOB FETMAN,                                               :
                              Plaintiff,                    :   **MEMORANDUM DECISION &**
                                                            :   **ORDER**
                     - against -                            :
                                                            :   15 Civ. 5541 (BMC)(LB)
DAVID MARKOWTIZ,                                            :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X

**COGAN,** District Judge.

By Order dated September 22, 2015, the United States District Court for the Southern District of New York transferred the instant *pro se* action to this Court. Plaintiff asserts that federal subject matter jurisdiction is predicated upon diversity and federal question jurisdiction.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff's complaint alleges defendant made false statements and committed perjury during the course of a grand jury proceeding hearing, and implies that he was indicted as a result of these statements. Plaintiff seeks an Order compelling Markowitz "to contact the Brooklyn DA, admit his perjury and give accurate testimony to the district attorney prosecuting the case." He also seeks "monetary and compensatory damages … to be decided at trial."

---

[1] This is at least the fifth lawsuit that plaintiff has filed. See Fetman v. Markowitz, 15 Civ. 5541 (filed Sept. 24, 2015); Fetman v. Lipsett, 15 Civ. 5510 (filed Sept. 21, 2014); Fetman v. Aish Hatorah International, 15 Civ. 5322 (filed Sept. 11, 2015); Fetman v. Project Inspire, Inc., 15 Civ. 5320 (filed Sept. 11, 2015).

**DISCUSSION**

**I. Lack of Subject Matter Jurisdiction**

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Arbaugh, 546 U.S. at 513, 126 S. Ct. at 1244. A plaintiff properly invokes § 1332 when he presents a claim "between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Plaintiff attempts to invoke the federal question jurisdiction of this Court by asserting a claim for violations of 18 U.S.C. § 1623, which addresses false declarations before a jury or grand jury. However, this federal criminal statute does not provide a private right of action. See Campbell v. Bank of New York Mellon Trust Co., No. 11 Civ. 1588, 2012 WL 2952852, at *13

(S.D.N.Y. May 8, 2012), report and recommendation adopted sub nom., Campbell v. Bank of New York Trust Co., No. 11 Civ. 1588, 2012 WL 2953967 (S.D.N.Y. July 18, 2012). Only the United States Attorney can bring proceedings under that statute. Accordingly, plaintiff has not established federal question jurisdiction.

Nor has he made sufficient allegation to establish diversity jurisdiction. Although plaintiff alleges that he and defendant are citizens of different states, he has not alleged that the amount in controversy has been satisfied. Failure to do so results in a lack of subject matter jurisdiction. See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Plaintiff has failed to plead any factual allegations to show that this Court has diversity jurisdiction over his claim.

## II. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "fails to state a claim on which relief may be granted … ." ). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556

U.S. at 678, 129 S. Ct. at 1949.  It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); <u>Sealed Plaintiff v. Sealed Defendant #1</u>, 537 F.3d 185, 191-93 (2d Cir. 2008).

Notwithstanding the obligation to review plaintiff's complaint in its most favorable light, I can discern no plausible cause of action.  Plaintiff simply alleges that defendant gave false testimony during a grand jury proceeding.  The complaint makes it clear that Markowitz is a private citizen and was testifying as such before the grand jury; therefore, there can be no civil rights claim under 42 U.S.C. § 1983, which requires that the defendant act under color of state law.  I am unaware of state-law action that would permit recovery simply for giving testimony to a grand jury that a plaintiff contends is false.

## **CONCLUSION**

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction and failure to state a claim.  <u>See</u> Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).  In light of plaintiff's *pro se* status, he is granted twenty (20) days to file an amended complaint that cures these deficiencies.  <u>See</u> <u>Cruz v. Gomez</u>, 202 F.3d 593 (2d Cir. 2000).

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as assigned this Order.  No summons shall issue at this time and all further proceedings shall be stayed for twenty (20) days or until further order of the Court.  If plaintiff fails to file an amended complaint within twenty (20) days of the date of that this order is entered on the docket, the Court shall enter judgment accordingly.  If submitted, the amended complaint

4

will be reviewed for compliance with this order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

**SO ORDERED.**

                                                                 U.S.D.J.

Dated: Brooklyn, New York
       October 1, 2015